In the Matter of the Claim of DOROTHY RAMBERG, Respondent, v. EVA DORN et al., Respondents. SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Special Fund for Reopened Cases from a decision of the Workmen's Compensation Board which held that payments made by the carrier, for permanent partial disability during the period July 25, 1952–January 3, 1955, when claimant was actually employed at full wages, did not constitute payment of com-

pensation made within three years of the reopening of the case on August 23, 1957, within the meaning of section 25-a of the Workmen's Compensation Law; the decision thus relieving the carrier and imposing liability upon appellant Special Fund in accordance with subdivision 1 of section 25-a. A decision in 1950 made an award to June 16, 1950 and closed the case after establishing permanent partial disability. The carrier continued payments thereafter (cf. Workmen's Compensation Law, § 25, subd. 1) until discovering that the claimant had been working whereupon it applied for permission to suspend payments (Rules and Procedure of the Workmen's Compensation Board, rule 22, subd. [c]) which was granted by decision of January 12, 1955. This was followed by a decision of February 18, 1955 which made an award for the period June 16, 1950–July 25, 1952, less payments made, found no reduced earnings after July 25, 1952 and again closed the case. In 1957 the case was reopened because of a change of condition and there followed an award and the decision appealed from. "Compensation" is defined by subdivision 6 of section 2 as "the money allowance payable to an employee" as provided for in the act. The "date of the last payment of compensation", from which the three-year limitation runs (§ 25-a, subd. 1) is defined by subdivision 7 of the same section as "the date of actual payment of the last installment of compensation previously awarded". Respondent carrier contends that its payments of compensation after June 21, 1950 were made "in accordance with" the decision of that date which rendered operative section 25 (subd. 1, par. [a]) requiring such payments "without waiting for an award by the board, except in those cases in which the right to compensation is controverted by the employer." By subdivision (c) of rule 22 the carrier was forbidden to suspend payments for permanent partial disability until the determination of an application for reopening to be made by it. Nevertheless, we do not consider that the decision, even when coupled with the statute and complemented by the rule, must be deemed an award, either within the intendment of subdivision 7 of section 25-a or with such effect as to stamp all payments thereunder as "payment[s] of compensation" until a formal redetermination, upon a changed factual situation, shall be made. The decision, while establishing partial disability, did not award future compensation; the actual award for the correct 1950–1952 period was made in 1955. Claimant's entitlement to future "payment[s] of compensation", therefore depended not on the decision but upon continued proof of the impairment of her earning capacity or, as this case eventuated, upon her actual earnings. Thus, it cannot be said that the payments made by the carrier after claimant commenced to earn full wages retained their character as compensation (i.e., for diminished earning capacity) by virtue of a prior decision or award valid until rescinded. The authorities upon which appellant relies seem not in point. *Matter of Burns* v. *Anstice Co.* (5 A D 2d 895), indeed, serves to emphasize one basis of our decision in this case, as there we said, "Whatever might have been the effect of the 1952 payment standing alone, the 1953 payments *were clearly of compensation for which an award had been made*". (Emphasis supplied.) Similarly, in *Matter of Adams* v. *Aluminum Co. of America* (282 App. Div. 1088) the critical payment was indisputably of compensation to which the claimant was entitled. *Matter of Schneider* v. *Durst Mfg. Co.* (265 App. Div. 1022) held nothing more than that the furnishing of a medical appliance constituted the payment of compensation. *Matter of Reed* v. *Danz Constr. Co.* (9 A D 2d 1004) was concerned with the meaning of the term "payment" as used in section 25-a and whether a "payment" was made, not, as here, with the problem of whether a payment, concededly

made, was of compensation. Decision and award unanimously affirmed, with costs to respondents carrier and employer against appellant.